**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

July 9, 2012

LETTER TO COUNSEL:

      RE:    *Carole A. Ray v. Commissioner, Social Security Administration*;
             Civil No. SAG-11-2397

Dear Counsel:

      On August 25, 2011, the Plaintiff, Carole A. Ray, petitioned this Court to review the Social Security Administration's final decision to deny her claim for Supplemental Security Income ("SSI") (ECF No. 1). I have considered the parties' cross-motions for summary judgment (ECF Nos. 14 and 16). I find that no hearing is necessary. Local Rule 105.6 (D. Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3). *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will grant the Commissioner's motion and deny Plaintiff's motion. This letter explains my rationale.

      Ms. Ray filed her claim on May 14, 2008, alleging disability due to depression, attention deficit hyperactivity disorder, learning disability, history of abuse, migraines, and a right hip injury. (Tr. 165). She alleged that she became disabled on January 2, 1985. *Id.* Her claim was denied initially on September 18, 2008, and on reconsideration on January 6, 2009. (Tr. 127-29, 132-33). Hearings were held on January 8, 2010 and May 26, 2010 before an Administrative Law Judge ("ALJ").[1] (Tr. 27-52, 97-105). Following the hearings, the ALJ determined that Ms. Ray had not been disabled at any time from May 14, 2008 through the date of the opinion. (Tr. 21). The Appeals Council denied Ms. Ray's request for review (Tr. 1-3), so the ALJ's decision constitutes the final, reviewable decision of the agency.

      The ALJ determined that Ms. Ray retained the residual functional capacity ("RFC") to:

Perform a reduced range of medium work involving, sitting, standing and walking 6 hours in an 8 hour workday, unlimited pushing and pulling, occasionally climbing, and frequently stooping, kneeling, crouching, and crawling as defined in 20 CFR 416.967(c). She is limited to routine, repetitive, unskilled tasks with minimal interaction with coworkers or the public.

---

[1] The first hearing was terminated early because Ms. Ray suffered from laryngitis and some of her responses were inaudible.

*Carole A. Ray v. Commissioner, Social Security Administration*
Civil No. SAG-11-2397
July 9, 2012
Page 2

(Tr. 16). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. Ray can perform jobs that exist in significant numbers in the national economy, and that she is not therefore disabled. (Tr. 20-21).

Ms. Ray presents five substantive arguments on appeal. First, she argues that the ALJ was biased against her and made invalid credibility assessments. Second, she contends that the ALJ should have found that she met listing 12.06C. Third, she argues that the hypothetical presented to the VE was inadequate. Fourth, she contends that the ALJ afforded insufficient weight to the opinion of her treating physician. Fifth, she asserts that the ALJ's assessment of her RFC was faulty because the ALJ failed to consider her impairments in combination.[2] None of those arguments are persuasive.

First, Ms. Ray's assertion of bias is unfounded. While some of the ALJ's statements could have been worded more diplomatically, an adverse credibility finding is not the equivalent of bias. In fact, an ALJ's credibility determination is afforded great weight. *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984). The ALJ's credibility determination can properly be based on personal observations from the hearing, including an assessment of coached testimony, vagueness, or evasiveness. *See Johnson v. Barnhart*, 434 F.3d 650, 658 (4th Cir. 2005). In addition to his observations from the hearing, the ALJ cited other physicians' assessments of Ms. Ray's credibility. (Tr. 257, 258). The ALJ further cited a lack of significant mental health treatment. (Tr. 18-19). This case does not present a situation where Ms. Ray offered a financial explanation in the record for her lack of medical treatment. Ms. Ray did in fact seek some medical evaluation on a non-emergency basis. On those occasions, the examining physicians did not recommend an aggressive program of mental health treatment. The ALJ therefore properly considered that history, and it does not indicate bias against Ms. Ray.

Second, Ms. Ray does not meet the criteria of listing 12.06C. That listing requires an anxiety disorder resulting in a "complete inability to function independently outside the area of one's home." 20 C.F.R. pt. 404, subpt. P, App. 1 § 12.06C. The intent of 12.06C was to govern cases of agoraphobia, "an anxiety related disorder manifested by an overwhelming fear of leaving the home." 20 C.F.R. pt. 404, subpt. P, App. 1 § 12.00F. Ms. Ray has no diagnosis of agoraphobia. No physician or treating source suggests that she cannot function outside her home. In contrast, evaluating medical sources suggest that she was appropriate and cooperative at their examinations, which took place in office settings. (Tr. 240-41, 244) No medical evidence establishes that Ms. Ray meets the high standard of a complete inability to function outside the home.

Third, the hypothetical to the VE adequately framed the issues in light of the assessments

---

[2] Ms. Ray makes one additional argument under the heading, "The ALJ's decision is not based on substantial evidence and without legal error." Pl.'s Mot. for Summ. J. 24. Under that heading, which is rendered somewhat cryptic by the inclusion of a double negative, appears a recitation of general principles from Social Security Rulings (SSRs). There is no argument consisting of factual application of those principles to Ms. Ray's case. Because, as addressed in this letter opinion, substantial evidence supports the ALJ's determination that Ms. Ray is not disabled, that argument fails.

of the state agency physicians, to whom the ALJ afforded significant weight.  The ALJ is afforded "great latitude in posing hypothetical questions," *Koonce v. Apfel*, No. 98-1144, 1999 WL 7864, at *5 (4th Cir. Jan. 11, 1999), and need only pose those that are based on substantial evidence and accurately reflect a claimant's limitations.  *See Copeland v. Bowen*, 861 F.2d 536, 540-41 (9th Cir. 1988).  Because the ALJ, for example, determined that Ms. Ray's right hip injury caused her no functional limitations, there was no need to include any hip-related limitations in the hypothetical.  (Tr. 17).  The ALJ's hypothetical is not intended to include diagnoses, but need only include any functional limitations resulting from those diagnoses.  In this case, the ALJ incorporated Ms. Ray's mental health issues, including her depression and her cognitive deficits, by using the limitations described by Dr. Suansilppongse.  In fact, instead of paraphrasing those limitations, the ALJ expressly incorporated Dr. Suansilppongse's non-exertional limitations into his hypothetical to the VE.  (Tr. 47, "Would also have non-exertional limitations set forth in Exhibit . . . 7F").  Dr. Suansilppongse's findings were affirmed by Dr. Brill.  (Tr. 295).  Ms. Ray contends that the VE should have been asked to consider the moderate limitations noted in Section I of Dr. Suansilppongse's Mental RFC assessment form.  (Tr. 259).  Section I provides a range of boxes to be checked, but allows no opportunity for gradation or explanation within the ranges.  In fact, the form specifically directs that the detailed explanation of degree of limitation be provided in Section III of the form, the Functional Capacity Assessment.  (Tr. 259).  A notation of "moderate limitation" in a box checked in Section I, then, does not provide sufficient information to allow an actual evaluation of disability by the ALJ or the VE.  For that reason, the ALJ did not err in instructing the VE to consider the functional assessment described in Section III of Dr. Suansilppongse's opinion.

Ms. Ray's fourth argument fares no better.  She contends that the ALJ failed to assign appropriate weight to her treating source, Dr. Smith. The treating physician rule does not always require adoption of a treating health care provider's opinion. While the ALJ must generally give more weight to a treating physician's opinion, *see* 20 C.F.R. §§ 404.1527(d)(2) and 416.927(d)(2), where a treating physician's opinion is not supported by clinical evidence or is inconsistent with other substantial evidence, it should be accorded significantly less weight. *Craig,* 76 F.3d at 590. The ALJ is not required to give controlling weight to a treating physician's opinion on the ultimate issue of disability. 20 C.F.R. § 404.1527(e); SSR 96–5p.

The ALJ adequately explained his evaluation of Dr. Smith's opinion as "overly pessimistic in light of clinical and laboratory findings."  (Tr. 19).  Specifically, Dr. Smith opined that Ms. Ray was limited in her ability to lift more than ten pounds.  The ALJ noted that Dr. Smith cited no corroborating evidence to support her lifting limitation, and noted that a subsequent physical examination "revealed no clubbing, cyanosis, or edema of the extremities, 5/5 grip in both hands, intact gross manipulation skills, and normal joints."  *Id.*  During that same examination, Ms. Ray reported that she can lift up to 20 pounds. (Tr. 240.)  Dr. Smith's report form listed diagnoses of headaches, ADHD, and depression, none of which explain the lifting limitation. (Tr. 227).  Finally, Dr. Smith's report form did not preclude all employment for Ms. Ray.  It simply suggested, without any narrative explanation, that she would be precluded from working in some employment settings.  (Tr. 230).  The ALJ, via the restrictions in the RFC, provided appropriate limitations on the type of employment settings that would be suitable.

*Carole A. Ray v. Commissioner, Social Security Administration*
Civil No. SAG-11-2397
July 9, 2012
Page 4

      Ms. Ray's fifth and final argument is similarly deficient. She argues that the ALJ failed to consider her impairments in combination, specifically citing "her ADHD, her right hip impairment, her depression, her anxiety, her fatigue, her borderline IQ, as well as her numerous psycho-social stressors." Pl.'s Mot. 23. That list contains diagnoses, not functional limitations caused by the diagnoses. In fact, the ALJ's RFC includes restrictions to address functional limitations caused by both physical and mental impairments that the ALJ deemed credible. Although the ALJ does not specifically list which impairment or diagnosis is addressed by each limitation in the RFC, there is no requirement that he do so.

      For the reasons set forth herein, Plaintiff's motion for summary judgment (ECF No. 14) will be DENIED and Defendant's motion for summary judgment (ECF No. 16) will be GRANTED. The Clerk is directed to CLOSE this case.

      Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

                          Sincerely yours,

                          /s/

                        Stephanie A. Gallagher
                        United States Magistrate Judge